IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Willie Johnson, )
                              )   CIVIL ACTION NO. 0:07-3027-PMD-BM
          Plaintiff, )
                              )
v. )
                              )   **REPORT AND RECOMMENDATION**
Jon Ozmint Director of SCDC, )
                              )
                              )
          Defendant. )
_____)

     This action was originally filed by the <u>pro se</u> Plaintiff in the South Carolina Court of Common Pleas, Fifth Judicial Circuit. Plaintiff is an inmate with the South Carolina Department of Corrections. The case was subsequently removed to this Court by the Defendant on the basis of federal question jurisdiction, asserting in his notice of removal that Plaintiff was seeking relief pursuant to the United States Constitution and federal statutes. 28 U.S.C. §§ 1331 and 1441.

     The Defendant thereafter filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 31, 2008. As the Plaintiff is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on February 1, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. After receiving an extension of time, Plaintiff filed a memorandum in opposition to the Defendant's motion on March 14, 2008, and an additional response on March 27, 2008. This



matter is now before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified Complaint[2] that his constitutional rights have been violated by the Defendant through the debiting of his prison trust account to cover costs for legal copies and postage even though he is an indigent and entitled to free postage and copies. Plaintiff also alleges that the State of South Carolina has allocated funds for legal copies, postage and supplies for indigent inmates for their legal mail, but that the Defendant is "unconstitutionally" refusing to provide money for these purposes.

Plaintiff further asserts in a second cause of action that the Defendant is improperly debiting his prison trust account to cover medical costs, even though the State has already appropriated funds for that specific purpose. Plaintiff also complains that he is being denied "meaningful participation in rehabilitative programs," including a prison job, that the Department of Corrections does not properly screen inmates to determine their needs or program placements, nor does it provide sufficient safeguards to assure there are sufficient staff professionals capable of making decisions on rehabilitative needs. Plaintiff also claims that he has been improperly classified, because the Defendant has improperly changed his sentence. Plaintiff alleges that the sentencing judge in his case sentenced him to prison for "a period of his life", while the Department of

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



Corrections has changed his sentence to "life in prison". Plaintiff alleges that his commitment papers are therefore invalid.

Plaintiff further alleges that he is being improperly detained because the trial judge "improperly signed the face of the indictment." Plaintiff alleges that the trial court therefore did not have subject matter over him, rendering the commitment order of the trial judge invalid. Plaintiff also claims that he received an improper sentence, and that he should have been subjected to no more than a "maximum sentence of 10 years....".

Plaintiff also alleges that he is being triple celled in violation of his rights, because triple celling is unconstitutional. Plaintiff alleges that triple celling fosters lawlessness and violence, and is dangerous for prison inmates. Plaintiff also alleges that he has been placed in "double celled" segregation, which is also unconstitutional, and that he has been provided with inadequate medical services. Plaintiff further complains that on or about May 11, 2007, the Defendant's employees deprived him of access to his cell for about an hour. Plaintiff alleges that he was provided inadequate notice that the cells would be locked, and that the Defendant's employees abused their discretion in doing so. Plaintiff claims that this prevented him from releasing his "bodily functions". Plaintiff also claims that this was done out of retaliation by Defendant's employee "Lt. G. Smalls", who had a "beef" against certain inmates. Plaintiff also complains that he was moved out of his cell because he was a non-worker, and that the Department of Corrections improperly segregates workers and non-workers. In another cause of action, Plaintiff claims that Lt. Smalls defamed him by accusing him of "stealing a disc out of the chapel....". Plaintiff alleges that this "greatly impaired" his character, and that as a result he was reduced in custody.

In a proposed amended and supplemental complaint which is contained in the

3



documents removed to this Court, Plaintiff adds an additional claim in which he asserts that the Defendant has committed "neglective duty" by allowing employee "Major Marbull" to promulgate a policy requiring non-working inmates to remain in lock-down until eight o'clock.

Plaintiff alleges that all of these actions have caused him to suffer severe anxiety, emotional distress and mental anguish, that his character has been defamed, and that he is therefore entitled to monetary damages of two billion and seven ($2,000,000,007.00) dollars. See generally, Plaintiff's Verified Complaint & Amended Complaint.

In support of summary judgment in this case, the Defendant has submitted an affidavit from Mary Coleman, who attests that she is Chief of the Inmate Grievances Branch of the South Carolina Department of Corrections.  Coleman attests that on March 1, 2006 Plaintiff filed a grievance in which he complained that $23.73 had been debited from his prisoner trust account for legal copies, postage and supplies.  Coleman attests that this grievance was denied, and that Plaintiff was informed that indigent inmates are provided writing materials on a monthly basis, and that if he desired more materials, the costs of the additional materials would be deducted from his account. Plaintiff appealed the denial of this grievance to the South Carolina Administrative Law Court, which dismissed the appeal.

Coleman attests that Plaintiff filed another grievance on May 21, 2007 complaining about being denied access to his cell and requesting monetary damages.  Coleman attests that this grievance was denied and that Plaintiff did not appeal this decision.  Coleman further attests that Plaintiff has not filed any grievances regarding his commitment order, overcrowded conditions, lack of rehabilitation, or defamation. She has attached copies of Plaintiff's inmate grievance forms to her affidavit. See generally, Coleman Affidavit with attached Exhibits. The Defendant has also provided

4



as exhibits a copy of Plaintiff's commitment order as well as copies of the SCDC policies and procedures governing inmate care, rights, and responsibilities.

As attachments to his response in opposition to the Defendant's motion, Plaintiff has provided copies of numerous documents, including affidavits relating to a state court case, copies of correspondence addressing Plaintiff's housing assignment and his (apparent) request for an inmate job, some paperwork dealing with a disciplinary infraction, documents relating to questions Plaintiff had about the computation of his sentence, copies of some request to staff member forms concerning good time credits and money being taken out of his trust account as well as his housing assignment and dealing with access to his cell, and an article from a newspaper discussing triple celling of inmates.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material



fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, after careful review of the arguments and evidence presented, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

## I.

Initially, it is clear from the evidence and arguments presented to this Court that, except for his complaint dealing with the debiting of $23.73 from his prisoner trust account for legal copies, postage and supplies, Plaintiff has failed to present a sufficient issue of fact as to whether he properly exhausted his administrative remedies before filing this lawsuit to survive summary judgment on his claims. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[3] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d

---

[3] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2)); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (per curiam)).



718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also

Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished

opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff].

Accordingly, before Plaintiff may proceed with his claims in this Court, he must first have exhausted

the administrative remedies available to him through the Department of Corrections.[4]

      The Fourth Circuit has held that it is the Defendant who has the burden of showing

that a Plaintiff failed to exhaust his or her administrative remedies.  See Anderson v. XYZ

Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust

administrative remedies is an affirmative defense to be both pled and proven by the Defendant].

Here, the Defendant has asserted this defense and has supported his argument for dismissal of

Plaintiff's claims on this ground through an affidavit of the Chief of the Inmate Grievances Branch

of the Department of Corrections, as well as with copies of Plaintiff's grievances.  As set forth in the

affidavit, the only claim that Plaintiff can be deemed to have exhausted through the grievance process

for purposes of this lawsuit is his claim regarding the debiting of money from his trust account.[5]

---

[4]In orders filed on May 9, 1996, this Court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996).

[5]Plaintiff's appeal of this grievance to the South Carolina Administrative Law Court is sufficient to have exhausted this claim for purposes of filing a § 1983 lawsuit in federal court. To the extent Defendant may be arguing that Plaintiff failed to exhaust his administrative remedies with respect to this claim because he did not appeal the denial of this claim by the South Carolina administrative law court, that would not be grounds for dismissal of this cause of action.  The fact that the South Carolina Legislature made a court available to prisoners who wanted to appeal a final decision by a jail facility denying a grievance does not alter the federal PLRA by extending its administrative exhaustion requirement to include exhaustion in all state judicial forums.  Rather, in § 1983 matters, Congress only intended that "administrative remedies" be satisfied. See e.g., Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) [exhaustion under § 1997e(a) is administrative (continued...)]



There is no evidence that Plaintiff ever appealed the initial denial of his grievance relating to his cell door being locked; see Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial]; or that he ever filed any grievances regarding the other issues raised in his Complaint. While Plaintiff has submitted copies of some "request to staff forms" and correspondence which address some of these other issues, request to staff forms and letters are not grievances. To exhaust his administrative remedies with respect to these other claims, Plaintiff would have had to have pursued *grievances* concerning these claims if he did not receive the response(s) he desired to his request to staff forms, letters, or oral complaints. Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy]; Boddie v. Bradley, 228 Fed.Appx. 5, **2 (2d Cir. Feb. 16, 2006) [Letters sent by prisoner to state Department of Correction officials were not, on their own, sufficient to meet PLRA requirement that prisoner exhaust administrative remedies by submission of complains on an inmate grievance form]; see also McNair v. Sgt. Jones, No. 01-3253, 2002 WL 31082948 at **7-8 (S.D.N.Y. Sept. 18, 2002) ["Making a verbal complaint, however, does not satisfy the exhaustion requirement because the administrative process permits only written grievances."]; Conwell v. Bureau of Prisons, No. 93-2684, 1994 WL 684766 at *2 (5th Cir. Nov. 22, 1994) [Multiple letters and memos only satisfied informal tier of BOP's Administrative Remedy Procedure].

       Further, while Plaintiff discusses the issue of exhaustion of remedies in his

---

[5](...continued)
only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court], cert. denied, 437 U.S. 949 (2002); Frost v. Ozmint, No. 07-83, 2008 WL 426381 at *3 (D.S.C. Feb. 13, 2008); Brown v. Evans Correctional Institution Medical Staff, No. 06-2464, 2007 WL 1290359, at *4 (D.S.C. April 30, 2007).



memorandum opposing summary judgment, it is clear from a plain reading of his arguments that Plaintiff is not even contending that he exhausted his administrative remedies with respect to these claims through the prison grievance process before filing his lawsuit.  See Plaintiff's Memorandum, at pp. 5-6.  Additionally, even if Plaintiff has filed grievances concerning some or all of these issues since the filing of this lawsuit, that would not entitle him to now proceed on these claims. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]; Erby v. Kula, 98 Fed.Appx. 405, 407 (6th Cir. 2004) [State prisoner's letter to state prison director did not exhaust his administrative remedies, as required, where prisoner sent his letter during pendency of federal suit.].

Therefore, as Plaintiff has failed to present a sufficient issue of fact as to whether he exhausted his administrative remedies through the prison grievance process with respect to any of his claims (other than the claim relating to the debiting of his trust account), the Defendant is entitled to dismissal of those claims. Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; cf. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].

**II.**

With respect to Plaintiff's sole remaining claim concerning the debiting of money

9



from his trust account, a sufficient issue of fact has been presented as to whether this action was

taken pursuant to a policy of the Department of Corrections, of which the Defendant is the Director,

to subject the Defendant to liability for damages in his individual capacity in the event a

constitutional violation has been shown.  See Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir.

1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985); Shaw v. Stroud, 13 F.3d 791, 799 (4th

Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority,

690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)).

However, after careful review of the arguments and evidence presented, the undersigned can find no

constitutional violation with respect to this claim.

The evidence before the Court shows that Department policy with respect to the

providing of pens, paper and postage is as follows:

> all indigent inmates, regardless of custody status, will be provided with one (1)
> pencil...: sixteen sheets of paper, and four (4) date-stamped envelopes...per month to
> be used for sending mail....The inmate's account will not be debited for these
> supplies.

SCDC Policy/Procedure PS-10.08 "Inmate Correspondence Privileges," 4.2 Mailing Supplies,
Indigent Inmates (January 1, 2005).

> "Inmates will be provided with writing paper, envelopes, writing instrument, and
> other materials necessary for legal correspondence in accordance with [SCDC
> Policy]....An inmate will be permitted to send an unlimited amount of legal mail
> regardless of his/her indigent status....However, the inmate's [trust] Account will be
> debited to cover the costs of all legal correspondence, including postage, paper,
> envelopes, and any other necessary supplies or fees.  The only exception will be that
> an inmate must be permitted to use the general mail supplies provided to him/her as
> indicated in [SCDC Policy], for purposes of mailing legal correspondence.

SCDC Policy/Procedure GA-01.03 "Inmate Access to Courts," 12  Legal Supplies and Materials;
17.1 Correspondence (June 1, 2004).

The undersigned can discern no constitutional violation from the cited policies or from the facts

10



presented in this case.

        First, Plaintiff has not alleged that he is being *denied* the use of pen, paper or postage for his legal mail, or that the cited policies have otherwise denied him access to the courts. Therefore, no constitutional violation for denial of access to the Courts has been presented. <u>See</u> <u>Bounds v.</u> <u>Smith</u>, 430 U.S. 817 (1977) [noting that actions taken by prison officials *which amount to denial of an inmate's access to the courts* may be actionable under § 1983]; <u>Strickler v. Waters</u>, 989 F.2d 1375, 1382-1383 (4th Cir. 1993), <u>cert. denied</u>, 510 U.S. 949 (1993); <u>Magee v. Waters</u>, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; <u>Cochran v.</u> <u>Morris</u>, 73 F.3d 1310, 1317 (4th Cir. 1996) [Dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury].

        Further, to the extent Plaintiff is arguing that the taking of money out of his trust account without his permission in and of itself establishes a Fourteenth Amendment due process violation for which the Defendant should be held liable, Defendant argues that, since no protected property right in these funds has been created by state law, Plaintiff cannot establish such a claim because he enjoys no property interest in the funds deposited in his trust fund account. <u>See</u> <u>Washlefske v. Winston</u>, 234 F.3d 179, 185-186 (4th Cir. 2000), <u>cert. denied</u>, 532 U.S. 983 (2001); <u>see also</u> <u>Sprouse v. Sanford</u>, No. 04-22477, et al., 2008 WL 203022 *3 (D.S.C. January 22, 2008). Even assuming for purposes of argument that Plaintiff *does* have a property interest in his trust account funds; *cf.* <u>Burks v. Pate</u>, 119 Fed.Appx. 447, 450 (4th Cir. January 5, 2005); no due process violation has been shown. Plaintiff has clearly been provided notice through the cited policies of when and under what circumstances money can be deducted from his trust account for correspondence and



postage, and Plaintiff is not entitled to a pre-deprivation hearing to challenge the deduction of these funds, as the Department of Corrections has a compelling interest in maintaining an orderly assessment process and Plaintiff may contest any allegedly erroneously assessment through the prison grievance process. *Cf.* Allred v. Barton, No. 06-567, 2007 WL 1585004, at *3-4 (D.Utah May 30, 2007); see also Matthews v. Eldridge, 424 U.S. 319, 335 (1976); Elliott v. Simmons, 100 Fed.Appx. 777, 779 (10th Cir. 2004) [Prison grievance procedures sufficient to satisfy procedural due process for erroneous assessments on inmate account]; Thomas v. Hayes, No. 04-284, 2006 WL 2708267, at *7 (E.D.Tenn. September 19, 2006). Indeed, the record before this Court shows that Plaintiff did grieve this issue; he just did not obtain the result he wanted. Plaintiff also has an adequate post-deprivation remedy for an alleged deprivation of property under South Carolina law. See S.C.Code Ann. § 15-69-10, et. seq.; *cf.* Jones v. Cathel, No. 05-3170, 2006 WL 756013, at *5 (D.N.J. March 17, 2006).

   Finally, to the extent Plaintiff's claim is that the Department of Corrections failed to follow its own policies and procedures with respect to the way these deductions were made from his account, this assertion also fails to set forth a claim of constitutional magnitude, as the failure of a prison official  to follow prison procedures does not, standing alone, amount to a constitutional violation. See Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]). See also Scott v. Hamidullah, No. 05-3027, 2007 WL 904803 *5 n.6 (D.S.C. March 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990);   Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to



a constitutional violation."] (citing <u>Riccio</u>, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]. Therefore, this claim is without merit.

### III.

It must also be noted that (it appears) Plaintiff is contesting his actual conviction on the charge for which he is incarcerated. Specifically, Plaintiff makes reference to his original indictment being invalid, and that his trial court lacked subject matter jurisdiction on his charges.

This assertion is of course a habeas claim which can only be pursued in this Court under 28 U.S.C. § 2254, *after* Plaintiff has exhausted his state court remedies. <u>Gordon v. Procunier</u>, 629 F. Supp. 192, 193 (S.D. Tex. 1985) ("'[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus[.]'"), quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487 (1973).Plaintiff can exhaust his state court remedies by filing a state post conviction relief action. <u>See</u> S.C.Code Ann. § 17-27-10, <u>et. seq.</u> [6] Plaintiff's claim for damages (the only remedy being sought in this action) arising out of an allegedly improper imprisonment can only be pursued in this Court under § 1983 after a ruling in his favor on the underlying habeas claim. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). <u>See also</u> <u>Myers v. Pauling</u>, No. 95-820, 1995 WL 334284 (E.D.Pa. June 2, 1995) ["release from prison is not a remedy available under 42 U.S.C. § 1983"].

Therefore, to the extent Plaintiff has intended to assert a claim challenging his

---

[6]Plaintiff has in fact provided copies of documents from a state post conviction relief action which he apparently currently has pending in state court. <u>See</u> <u>Documents relating to</u> <u>Johnson v. South Carolina</u>, C/A No. 04-CP-10-3752.



underlying conviction in this § 1983 case, that claim should be dismissed.

## IV.

Finally, in addition to the federal constitutional claims discussed hereinabove, Plaintiff has asserted several claims under various state law statutes and/or the South Carolina Constitution in this case, which (as previously noted) was originally filed in State Court. With respect to these remaining state law causes of action, when federal claims presented in a case which has been removed to federal court from state court are dismissed, the case should be remanded to state court for resolution of any remaining state law claims under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See also In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Mellon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). Remand of this action to state court will not only allow the more appropriate court to rule on these remaining state law issues, but will not prejudice the parties, as the parties may seek a fast track for resolution of these claims at the state level. See Rule 40(c), S.C.R.C.P.

### Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted,** that Plaintiff's federal constitutional claim with respect to the debiting of his trust account be **dismissed** with prejudice, and that the remainder of Plaintiff federal claims be **dismissed**, without prejudice, for failure to exhaust administrative remedies and/or pursuant to Heck v. Humphrey.

If the Court adopts the recommendation contained herein with respect to Plaintiff's



federal claims, it is further recommended that this case be **remanded** back to state court for disposition of Plaintiff's remaining state law causes of action. <u>United Mine Workers v. Gibbs</u>, <u>supra</u>; <u>see</u> <u>also</u> S.C.Code Ann. § 15-78-20(e) [providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state]; <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 99, n. 9 (1984).

        The parties are referred to the Notice Page attached hereto.



_____

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 7, 2008

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

16

