IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Johnson, # 127069, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Jon E. Ozmint, Director of S.C. )<br>Department of Corrections, )<br>)<br>Defendant. )<br>_____) | C.A. No.: 0:07-cv-3027-PMD-BM<br><br>**<u>ORDER</u>** |

    This matter is before the court upon the Magistrate Judge's recommendation that (1) Defendant's Motion for Summary Judgement be granted; (2) that Plaintiff's federal constitutional claim with respect to the debiting of his trust account be dismissed with prejudice; (3) that the remainder of Plaintiff's federal claims be dismissed, without prejudice, for failure to exhaust administrative remedies and/or pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); and (4) that Plaintiff's remaining claims be remanded to state court. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections to the R&R.

**<u>BACKGROUND</u>**

    Plaintiff Willie Johnson ( "Plaintiff" or "Johnson") filed suit against Defendant Jon E. Ozmint ("Defendant") in the Court of Common Pleas of Richland County on June 7, 2007. The Defendant subsequently removed the case to this court on the basis of federal question jurisdiction, asserting in

1

his notice of removal that Plaintiff was seeking relief pursuant to the United States Constitution and federal statutes. Defendant thereafter filed a Motion to Dismiss or in the alternative a Motion for Summary Judgment[1] on January 31, 2008. A *Roseboro* order was entered by the court on February 1, 2008, advising Plaintiff of the importance of a Motion for Summary Judgment and of the need for him to file an adequate response. After receiving an extension of time, Plaintiff filed a Response in Opposition to the Defendant's Motion for Summary Judgment on March 14, 2008, and an additional Response in Opposition on March 27, 2008. Magistrate Judge Bristow Marchant filed a Report and Recommendation on April 7, 2008, and Plaintiff filed timely Objections on or about April 18, 2008.

Plaintiff alleges in his verified Complaint[2] that his constitutional rights have been violated by the Defendant through the debiting of his E.H. Cooper Trust Account to cover costs for legal copies, postage, and supplies. Plaintiff alleges that his indigent status entitles him to free postage and copies; that the State of South Carolina has allocated funds for legal copies, postage, and supplies; and that Defendant, therefore, is unconstitutionally refusing to provide money for these purposes. (Compl. at 1-2.)

Plaintiff's second cause of action alleges that although the State has appropriated funds for inmates' medical services, Defendant is improperly debiting his E.H. Cooper Trust Account for that purpose. Plaintiff further alleges that he is being denied "meaningful participation in rehabilitative programs," including a prison job, that the South Carolina Department of Corrections ("SCDC") does

---

[1] Although Defendant has styled this document as a Motion to Dismiss or alternatively a Motion for Summary Judgment, this court has considered Defendant's evidence submitted outside of the pleadings and therefore will proceed under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d).

[2] "[A] *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)(citing *Davis v. Zahradnick*, 600 F.2d 458, 459-60 (4th Cir. 1979)).

2

not properly screen inmates to determine their needs or program placements, nor does it provide sufficient safeguards to assure there are sufficient staff professionals capable of making decisions on rehabilitative needs. (Compl. at 2-3.)

Plaintiff further claims that he has been improperly classified, because Defendant has improperly changed his sentence from "a period of his life" to "life in prison." (Compl. at 4.) In another cause of action, Plaintiff alleges he is illegally detained because the trial judge "failed to actually sign the commitment order" and "improperly signed the face of the indictment." Plaintiff further alleges that he received an improper sentence, and that he should have been subjected to a "maximum sentence of 10 years." (Compl. at 6-7.)

In a fifth cause of action, Plaintiff claims that he is being triple celled in violation of his constitutional rights. Plaintiff also claims that Defendant places prisoners in "double celled segregation" and asserts that this practice is also unconstitutional. Plaintiff alleges that the prison staff level is inadequate to serve the present population level, and this inadequacy fosters lawlessness and violence. Plaintiff further alleges that he is improperly fed, that medical services are inadequate, that the law library is inadequate—thereby restricting access to the courts—and that job, school, and rehabilitation opportunities are similarly inadequate. (Compl. at 7-8.)

Plaintiff complains that on or about May 11, 2007, the Defendant's employees deprived him of access to his cell for about an hour. Plaintiff alleges he was provided inadequate notice that the cells would be locked and that the Defendant's employees abused their discretion in doing so. Plaintiff claims that this prevented him from releasing his "bodily functions" and that this was done out of retaliation by Defendant's employee "Lt. G. Smalls," who had a "beef" against certain inmates. Plaintiff also complains that he was moved out of his cell because he was a non-worker, and that

SCDC improperly segregates workers and non-workers. (Compl. at 8-10.)

In a seventh cause of action, Plaintiff claims that Lt. Smalls defamed him by accusing him of stealing a computer disk. Plaintiff alleges that this "greatly impaired" his character, and as a result, he was reduced in custody. Plaintiff further alleges that he was improperly charged with "abuse of privilege" in connection with this incident. (Compl. at 10-11.)

In a proposed amended and supplemental complaint, Plaintiff asserts that Defendant has committed "neglective duty" by allowing employee "Major Marbull" to promulgate a policy requiring non-working inmates to remain in lock-down until eight o'clock. (Am. Compl. at 1-3.)

Plaintiff alleges that all of these actions have caused him to suffer severe anxiety, emotional distress and mental anguish, that his character has been defamed, and that he is therefore entitled to monetary damages in excess of two billion dollars. (Compl. at 11-12.)

In support of his Motion for Summary Judgment, Defendant has submitted an affidavit from Mary Coleman, Chief of the Inmate Grievances Branch of SCDC. Coleman attests that on March 1, 2006, Plaintiff filed a grievance in which he complained that $23.73 had been debited from his prisoner trust account for legal copies, postage, and supplies. (Coleman Aff. ¶ 2.) Coleman attests that this grievance was denied; that Plaintiff was informed indigent inmates are provided writing materials on a monthly basis; and that if he desired additional materials, the cost of those materials would be deducted from his account. (*Id.* ¶ 3.) Plaintiff appealed the denial of this grievance to the South Carolina Administrative Law Court, which dismissed the appeal. (*Id.* ¶ 4.)

Coleman attests that Plaintiff filed another grievance on May 21, 2007, complaining that he was denied access to his cell and requesting monetary damages. (*Id.* ¶ 5.) Coleman attests that this grievance was denied and that Plaintiff did not appeal this decision. (*Id.*) Coleman further attests

4

that Plaintiff has not filed any grievances regarding his commitment order, overcrowded conditions, lack of rehabilitation, or defamation. (*Id.* ¶ 6.) She attached copies of Plaintiff's inmate grievance forms to her affidavit, and Defendant provided a copy of Plaintiff's commitment order as well as copies of the SCDC policies and procedures governing inmate care, rights, and responsibilities. (*See* Mot. for Summ. J. Exs.)

Plaintiff has attached numerous documents to his Response in Opposition to Defendant's motion, including an affidavit relating to a state court case, an affidavit of an inmate attesting to Defendant's practice of triple-celling, copies of correspondence addressing Plaintiff's housing assignment and his request for an inmate job, some paperwork dealing with a disciplinary infraction, documents relating to questions Plaintiff had about the computation of his sentence, and a newspaper article discussing triple celling of inmates. Plaintiff has also attached copies of correspondence with prison staff concerning good time credits and money being taken out of his trust account as well as his housing assignment and access to his cell. (*See* Resp. in Opp'n Exs.)

## **STANDARD OF REVIEW**

### A.    **Magistrate Judge's R&R**

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds Plaintiff has highlighted a minor inaccuracy[3] pertaining to the facts and the court therefore modifies the discussion of the facts.

---

[3] Plaintiff asserts that the R&R mischaracterizes Plaintiff's Complaint at page six, section twelve. It appears the Magistrate Judge indicated Plaintiff alleged the trial judge did not sign the indictment when in fact the document about which Plaintiff complains is the commitment order. (*See* Objections at 2.)

However, the Magistrate Judge has applied the correct principles of law. Accordingly, the court adopts the R&R to the extent it is consistent with this order.

**B.     Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party 'is particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327.[4]

---

[4] Plaintiff objects to the Magistrate Judge's finding that Defendant met the required burden for summary judgment in his favor. (Objections at 14.) Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper where, according to the pleadings and all other evidence presented in the case, there is *no genuine issue as to any material fact* and the movant is entitled to judgment as a matter of law. The remainder of this order will show, and this court finds, that the Magistrate Judge properly applied the summary judgment standard in this case.

## **ANALYSIS**

Following the Magistrate Judge's R&R, Plaintiff filed a number of objections.[5] First, Plaintiff asserts that the R&R mischaracterizes Plaintiff's Complaint at page six, section twelve. After a review of the Complaint, it appears that the Magistrate Judge misunderstood Plaintiff's allegations; nevertheless, the legal analysis remains unchanged. As this Court understands it, Plaintiff claims that the trial judge failed to sign, in his own handwriting, the face of the commitment order, and only properly signed the indictment.[6] Therefore, Plaintiff argues, he is illegally detained.[7] Plaintiff further claims that this issue is non-grievable under the SCDC Inmate Grievances Policy, and therefore is properly before the court.

Plaintiff brought the instant action pursuant to 42 U.S.C. § 1983, seeking an award of monetary damages. (*See* Compl. & Am. Compl.) In his Objections, however, it appears that Plaintiff is seeking to challenge the validity of his confinement. Although Plaintiff seemingly argues he is not challenging the fact or duration of his confinement, the court disagrees and concludes that a close reading of the Complaint, Amended Complaint, and Objections reveals that Plaintiff is actually seeking release. *See Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002) ("We have squarely held

---

[5] Plaintiff's objections include a lengthy discussion of pendent jurisdiction. In his action originally filed in state court, Plaintiff asserted several claims under various state statutes and the South Carolina Constitution. However, this Court declines to exercise pendent jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) and remands Plaintiff's state law claims to state court. Remand of this case will allow the more appropriate court to rule on the remaining state law issues. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966) (courts must consider various factors including judicial economy, fairness and convenience to the parties, and comity when determining whether to exercise pendent jurisdiction); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988).

[6] Plaintiff further claims that Defendant committed fraud upon the court by asserting that Plaintiff's commitment order is valid. The record contains a copy of the commitment order that is signed, albeit not in handwriting, with "s/ T.L. Hughston, Jr."

[7] Plaintiff cites 18 U.S.C. § 3621 in support of his claim. However, because Plaintiff is in custody of the State of South Carolina, not the Bureau of Prisons, this statute is inapplicable.

that a state prisoner's label for his claim cannot be controlling, even when the prisoner does not request immediate release." (citing *Hamlin v. Warren*, 664 F.2d 29, 30, 32 (4th Cir. 1981)).  To the extent that Plaintiff is challenging the validity of his confinement or seeking release from incarceration, that claim is cognizable only in a petition for writ of habeas corpus.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that where the success of a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence); *Harvey*, 278 F.3d at 378.

To the extent Plaintiff seeks to recover damages due to his alleged illegal detainment, the court concludes Plaintiff cannot proceed.  Plaintiff seems to be arguing both sides of one coin.  On the one hand, he argues he does not have to file a grievance through the Inmate Grievance System, seemingly because he argues he is being illegally detained, though he has been careful not to style his suit as a habeas claim.  On the other hand, he argues he is not required to exhaust his administrative remedies even though his suit is pursuant to § 1983.  In *Heck v. Humphrey*, the Supreme Court stated,

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

8

*Heck*, 512 U.S. at 486-87. Plaintiff is apparently seeking damages from his alleged unconstitutional imprisonment, but Plaintiff has not shown his conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. The court accordingly concludes that the rule from *Heck v. Humphrey* applies in this situation, and applying this rule, Plaintiff's claim cannot proceed.

Even if *Heck v. Humphrey* does not apply, however, the court concludes Plaintiff cannot proceed. First, as the Magistrate Judge noted in the R&R, 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Magistrate Judge further noted that the Sixth Circuit utilizes the definition derived from 18 U.S.C. § 3626, which provides,

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

*See also Hartsfield v. Vidor*, 199 F.3d 305, 308 & n.2 (6th Cir. 1999); *Johnson v. Garraghty*, 57 F. Supp. 2d 321, 326-27 (E.D. Va. 1999). Again, Plaintiff is seemingly challenging the fact of his confinement, which would appear to be a habeas action, but to the extent 42 U.S.C. § 1997e(a) applies, there is no evidence that Plaintiff has complied with that statute. Indeed, there is no evidence that Plaintiff filed a grievance with respect to his challenge to the commitment order, and Plaintiff even seemingly acknowledges he did not file any such grievance. Second, the court concludes Plaintiff's claim cannot proceed because there is simply no evidence, other than Plaintiff's say-so, that he is being improperly detained. The record contains a copy of Plaintiff's commitment order,

which indicates Plaintiff was "committed to jail 10-03-84," and it states that Plaintiff is "confined under the jurisdiction and control of the South Carolina Department of Corrections for a period of his life." (Def.'s Mot. for Summ. J. Ex. 2 [23-4].) The order is dated April 18, 1985, and although it does not contain the handwritten signature of the judge, it is signed as "s/ T.L. Hughston, Jr." (*Id.*) Plaintiff has not pointed to, and the court has not found, any authority to suggest the commitment order is invalid. The court therefore overrules Plaintiff's objection.

Next, Plaintiff objects to the Magistrate Judge's finding that, aside from the complaint dealing with the debiting of $23.73 from his trust account for legal copies, postage, and supplies, he has failed to present a genuine issue of material fact as to whether he properly exhausted his administrative remedies before filing this lawsuit. Specifically, Plaintiff alleges that exhaustion of administrative remedies is not a prerequisite to filing a § 1983 claim. Plaintiff further claims that pursuant to SCDC Policy GA 01.12, the issues before the court are non-grievable and are therefore properly before the court. Plaintiff claims that exhaustion of administrative remedies is not required where the remedies are inadequate and that exhaustion is not required under the Prison Litigation Reform Act ("PLRA") when monetary relief is not available through a state's inmate grievances system.

As noted above, 42 U.S.C. § 1997e(a) requires a prisoner to exhaust administrative remedies before bringing action with respect to prison conditions under § 1983. Exhaustion pursuant to this section is mandatory, and courts have no discretion to waive the requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Even where exhaustion may be considered futile or inadequate, this requirement cannot be waived. *Id.*; *Womack v. McDonald*, No. CV 306-59, 2006 WL 2598211, at *1 (S.D. Ga. Sept. 8, 2006). Furthermore, exhaustion is required regardless of the relief sought. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion

10

clearly enough, regardless of the relief offered through administrative procedures."). "[Section] 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002).[8] Accordingly, before Plaintiff may proceed with his claims in this court, he must first have exhausted the administrative remedies available to him through SCDC.

The Supreme Court has recently held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007); *see also Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) (holding that an inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the defendant). Here, Defendant has asserted this affirmative defense and has supported his argument for dismissal of Plaintiff's claims on this ground through an affidavit of the Chief of the Inmate Grievances Branch of SCDC, as well as with copies of Plaintiff's grievances. As set forth in the affidavit, the only claim that Plaintiff has exhausted through the grievance process for purposes of this lawsuit is his claim regarding the debiting of money from his trust account for legal copies, postage, and supplies.

In response to Defendant's argument and evidence that Plaintiff has not exhausted his administrative remedies, Plaintiff has offered no evidence to show that he has in fact exhausted these remedies. There is no evidence that Plaintiff appealed the initial denial of his grievance relating to his cell door being locked, *see Booth*, 532 U.S. at 735 (inmate failed to exhaust his administrative remedies when he failed to appeal the denial of his grievance to the intermediate or final appeal levels), or that

---

[8]Plaintiff claims Defendant's conduct in allowing prison overcrowding violates the Eighth Amendment. This claim, like his other §1983 claims, requires exhaustion of administrative remedies pursuant to the PLRA before filing an action in this court. *See Porter*, 534 U.S. at 520.

11

he ever filed any grievances regarding overcrowding, or any of the other issues raised in his Complaint. *See Harvey v. City of Philadelphia*, 253 F. Supp. 2d 827, 829 (E.D. Pa. 2003) (granting summary judgment where the plaintiff claimed to have exhausted his administrative remedies but failed to present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies). While Plaintiff has submitted copies of "request to staff forms" and correspondence which address some of the other issues, these documents are not grievances. To exhaust his administrative remedies, Plaintiff must pursue formal grievances. *Boddie v. Brantley*, 228 Fed. App'x 5, 7 (2d Cir. 2006) (letters sent by prisoner to state Department of Corrections officials were not, on their own, sufficient to meet PLRA requirement that prisoner exhaust administrative remedies by submission of complaints on an inmate grievance form); *Richardson v. Fed. Bureau of Prisons*, No. 1:06CV136, 2006 WL 3254498, at *2 (N.D.W. Va. Nov. 9, 2006) (concluding the plaintiff failed to exhaust his administrative remedies when he submitted "Inmate Request to Staff" and "Administrative Remedy Informal Resolution" forms to staff at his federal correctional institution but failed to show he had submitted any formal "Request for Administrative Remedy" forms); *Davis v. Minthorn*, No. 2:05-CV-328, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) (holding submission of inmate request form not sufficient to exhaust grievance remedy).

Further, any grievances that Plaintiff has filed since the filing of this lawsuit would not entitle him to proceed on these claims. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("The prisoner . . . may not exhaust administrative remedies during the pendency of the federal suit."). In addition, Plaintiff's claim that his complaints are non-grievable pursuant to SCDC's Inmate

12

Grievances Policy is erroneous. It seems that by Plaintiff's own account of SCDC policy GA 01.12, issues under the control of SCDC fall squarely within the grievable items under the Inmate Grievances System. (*See* Objections at 5.) With the exception of Plaintiff's defamation claim[9] and challenge to his confinement (addressed above), all issues relate to the conditions of Plaintiff's imprisonment, which is under the exclusive control of SCDC. These issues are thus grievable issues.

Accordingly, as Plaintiff has failed to present a genuine issue of material fact as to whether he exhausted his administrative remedies through the prison grievance process with respect to any of his claims (other than the claim relating to the debiting of his trust account for legal copies, postage, and supplies),[10] the Defendant is entitled to summary judgment over those claims. *Harvey*, 253 F. Supp. 2d at 829 (granting summary judgment where the plaintiff claimed to have exhausted administrative remedies but did not present evidence to challenge defendants' evidence that he did not pursue his administrative remedies); *see also Williams v. Torres*, No. 9:07-0146-MBS, 2008 WL 525457, at *2 (D.S.C. Feb. 25, 2008) (dismissing the plaintiff's complaint for failure to exhaust administrative

---

[9]This Court declines to exercise jurisdiction over the defamation claim pursuant to 28 U.S.C. § 1367(c)(3). *Cf. Waybright v. Frederick County, Md., Dep't of Fire & Rescue Servs.*, No. 07-1289, slip op. at 15 (4th Cir. June 2, 2008) ("With all its federal questions gone, there may be the authority to keep it in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so."). Indeed, in a 1991 opinion, the Fourth Circuit stated,

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*In re Concklin*, 946 F.2d 306, 322 (4th Cir. 1991) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The court finds remand of the state law claims appropriate.

[10]In the R&R, the Magistrate Judge recommended granting Defendant's Motion for Summary Judgment with respect to Plaintiff's claim concerning the debiting of his account for legal copies, postage, and supplies. (*See* R&R at 9-13.) Plaintiff has filed no objections to this portion of the R&R, and on review, the court agrees with the Magistrate Judge's analysis. The court therefore grants Defendant's Motion for Summary Judgment on this claim.

remedies because, *inter alia*, his "bald assertion that he filed 'numerous' unanswered grievances is insufficient to defeat summary judgment on the issue of whether he has exhausted his administrative remedies"); *Sheldon v. Bledsoe*, No. 7:06-cv-00049, 2007 WL 806124, at *5 (W.D. Va. Mar. 15, 2007) (granting defendants' motion for summary judgment when the plaintiff "alleges no facts and offers no documentation on which a jury could find in his favor on the issue of whether or not he exhausted administrative remedies as to any of his claims").

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's federal claims.  It is **ORDERED** that Plaintiff's federal constitutional claim with respect to the debiting of his trust account is **DISMISSED** with prejudice.  It is further **ORDERED** and that the remainder of Plaintiff's federal claims be **DISMISSED**, without prejudice, for failure to exhaust administrative remedies and/or pursuant to *Heck v. Humphrey*.  Plaintiff's remaining claims are **REMANDED** to state court.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 20, 2008**

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4.  *See* Fed. R. App. P. 3-4.